CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 3 1 2005

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DALLAS MCCLANAHAN,<br>    Petitioner, | Civil Action No. 7:05-cv-00345 |
| v. | **MEMORANDUM OPINION** |
| MR. A. HOLLAR, WARDEN,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Dallas McClanahan, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. McClanahan challenges the validity of his confinement pursuant to the October 9, 2002, judgment entered by the Circuit Court of Tazewell County, convicting him and sentencing him on four criminal charges related to a deer hunting incident. The respondent filed a motion to dismiss, arguing that all petitioner's claims are procedurally barred from federal habeas review. Petitioner responded, making the matter ripe for disposition. Upon review of the record, the court concludes that the motion to dismiss must be granted.

I.

Dallas McClanahan stands convicted of two felonies–driving after having been declared an habitual offender and eluding a law enforcement officer–and two misdemeanors–conspiracy to commit wildlife violations and killing or attempting to kill deer by use of certain lights. The testimony at trial on July 10, 2002, offered conflicting versions of events. Prosecution witnesses testified as follows. On November 1, 2001, McClanahan and four others started drinking beer at 10:00 or 10:30 a.m. at a birthday party and kept drinking beer and moonshine all day. Sometime after dark, they decided to go hunting in McClanahan's Jeep. They had two shotguns and more alcoholic beverages in the vehicle. Someone in the vehicle fired at a decoy deer set up by police officers. The officers turned on their lights and sirens, but McClanahan, who was driving, did not stop. The officers got in their vehicle and chased the Jeep. McClanahan drove at an unsafe speed on rutted forest roads, ultimately stopped the Jeep, and ran away into the woods. Evidence also

1

demonstrated that McClanahan had been declared an habitual offender and had had his driving privileges suspended.[1]

McClanahan testified that he got so drunk on November 1, 2001, that he could not move. He denied that he drove anywhere in his Jeep that night. He testified that he first found out about the deer hunting incident when someone told him that his Jeep had been found over in Bland County, wrecked.

The jury found McClanahan guilty on all four counts. On October 9, 2002, the court sentenced him as recommended by the jury to five years imprisonment for driving as an habitual offender, six months imprisonment and a $1000 fine on the two misdemeanors, and a fine of $2500 on the charge of eluding the officers. McClanahan appealed, asserting that the evidence was not sufficient to support his convictions. A single judge of the Court of Appeals of Virginia denied his appeal by order of May 8, 2003, and a three-judge panel did the same by order of November 20, 2003. The Supreme Court of Virginia refused McClanahan's subsequent appeal to that court by order of June 2, 2004. McClanahan filed a petition for a writ of habeas corpus in the Circuit Court of Tazewell County on February 4, 2004, alleging the following claims:

- A. Petitioner received ineffective assistance of counsel in that:
  1. Counsel failed to file a discovery motion prior to trial;
  2. Counsel failed to move to strike the verdict at the end of the trial;
  3. Counsel failed to argue or prove that petitioner had a restricted driver's license at the time of the offense;
  4. Counsel failed to impeach two witnesses with their preliminary hearing testimony; and
  5. Counsel failed to inform petitioner who would testify, thereby depriving petitioner of the ability to prepare.
- B. The prosecutor did not provide petitioner with a list of witnesses prior to trial and

---

[1] At the time of the offense, McClanahan had petitioned for restoration of his driving privileges, but was under court-ordered restrictions to drive only between 6:00 a.m. and 9:00 p.m. to and from work, doctor's appointments or family health emergencies. See Defts. Exh. 2, Hearing 10-9-01.

2

mentioned facts not in evidence during his closing arguments; and

C. Petitioner was twice placed in jeopardy for the same crimes.

The circuit court dismissed McClanahan's petition on September 1, 2004. McClanahan filed an untimely notice of appeal in the Supreme Court of Virginia, but failed to perfect the appeal within ninety days.

In his § 2254 petition, McClanahan alleges the following grounds for relief:

(A) The prosecutor

    (1) Withheld exculpatory evidence (the order declaring petitioner an habitual offender, a D.M.V. transcript, and the order of restoration of the restricted license);

    (2) Failed to subpoena witnesses; and

    (3) Made statements of facts not in evidence;

(B) The evidence was insufficient to support petitioner's convictions;

(C) Petitioner was denied the effective assistance of counsel in that:

    (1) Counsel failed to prepare a proper defense;

    (2) Counsel failed to subpoena witnesses;

    (3) Counsel failed to share discovery material with petitioner;

    (4) Counsel failed to show the jury the investigating officer's report;

    (5) Counsel failed to provide evidence on petitioner's behalf; and

    (6) Counsel failed to move to strike the evidence; and

(D) Petitioner's felony convictions violate the Constitutional Double Jeopardy prohibition.

II.

Before this court may grant habeas relief to a state prisoner under §2254, the petitioner must exhaust his state court remedies by presenting his claims to the highest state court with jurisdiction to consider them and receive a ruling from that court. §2254(b). See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, an inmate has exhausted his state court remedies for purposes of §2254 review once he has presented his claims to Supreme Court of Virginia for review. Va. Code.

3

§8.01-654.

Where a petitioner has not exhausted his state court remedies, but it is clear that the state's law would now bar state habeas review of the claim, the federal court need not dismiss the claim to require exhaustion. Teague v. Lane, 489 U.S. 288, 297-98 (1989). In other words, the §2254 exhaustion requirement is satisfied if it is clear that petitioner's federal habeas claims are now procedurally barred under state law from review on the merits by the state courts. Castille v. Peoples, 489 U.S. 346, 351 (1989).

Even where petitioner has exhausted his state remedies, federal review of his §2254 claims may be barred because petitioner has defaulted some state procedural rule. Where petitioner has failed to comply with a state procedural rule and the state supreme court has expressly relied on that procedural default as an adequate and independent state law ground for denying relief on a constitutional claim, federal review of that claim is normally barred. See Harris v. Reed, 489 U.S. 255, 262 (1989); Wainwright v. Sykes, 433 U.S. 72, 87 (1977).

A federal court may review procedurally defaulted claims only if petitioner excuses his default through a showing of cause for the default and resulting prejudice or a showing that failure to consider the claim will result in a fundamental miscarriage of justice," Coleman v. Thompson, 501 U.S. 722, 750 (1991), i.e., that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). In order to make this showing, a federal habeas petitioner must present new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup v. Delo, 513 U.S. 298, 316 (1995).

III.

Respondent argues that all of McClanahan's claims are procedurally barred from federal habeas review under § 2254(b). Upon review of the records from the state courts, this court must agree.

McClanahan never presented Claims (A), (C) and (D) of the federal petition to the Supreme

4

Court of Virginia, as he never perfected his habeas appeal to that court. He raised the substance of Claims (A)(3), (C)(5), (C)(6) and (D) in the circuit court habeas petition. After the circuit court denied his petition on September 1, 2004, McClanahan had thirty days to notice an appeal to the Supreme Court of Virginia. See Sup. Ct. Va. R. 5:9. He submitted an untimely notice of appeal to the Supreme Court of Virginia, executed on January 20, 2005. As he did not submit an appeal petition within the time allotted, see Sup. Ct. Va. R. 5:17(a)(1), however, he failed to give the Supreme Court of Virginia an opportunity to review his habeas claims as required for exhaustion under § 2254(b). Failure to appeal habeas claims dismissed by the circuit court constitutes a procedural bar to federal review of such claims. Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986).

McClanahan did not present Claims (A)(1), (A)(2), (C)(1), (C)(2), (C)(3), and (C)(4) to either the circuit court or the Supreme Court of Virginia. Hence, they are unexhausted. If he were now to raise these claims in a habeas petition to the Supreme Court of Virginia, that court would find them barred under the state successive petition rule, Va. Code Ann. §8.01-654(b)(2), because McClanahan knew the facts necessary to bring such claims in his first petition. The Fourth Circuit has recognized this successive petition rule as an adequate and independent state law ground barring federal habeas review. See, e.g., Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997); Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996). Therefore, this court must also find these claims to be procedurally barred from habeas review. Castille, 489 U.S. at 351.

McClanahan presented Claim (B), alleging insufficiency of the evidence, to the Court of Appeals of Virginia and the Supreme Court of Virginia on direct appeal. The Court of Appeals held that McClanahan defaulted this claim because trial counsel failed to preserve the issue at trial, as required under Va. Sup. Ct. R. 5A:18. The Fourth Circuit has held that the substantially identical Va. Sup. Ct. R. 5:25, the contemporaneous objection rule applied in the Supreme Court of Virginia, is an independent and adequate state procedural rule. See Weeks v. Angelone 176 F.3d 249, 270 (4th Cir.1999). Accordingly, the court finds that Claim (B) is procedurally barred from federal

5

habeas review.

McClanahan fails to offer any cause for his procedural defaults. He does argue that counsel was ineffective for failing to file proper objections at trial to preserve the sufficiency of the evidence claim for appeal. Errors of counsel may serve as cause to excuse the procedural default of a specific constitutional claim, but only if petitioner demonstrates (1) that the errors were so egregious that they violated petitioner's constitutional right to effective assistance of counsel, Strickler v. Green, 527 U.S. 263, 283 (1999), and (2) that the ineffective assistance claim itself is not procedurally defaulted, Edwards v. Carpenter, 529 U.S. 446 (2000). Because McClanahan never presented his ineffective assistance claim to the Supreme Court of Virginia, it is defaulted and cannot serve as cause to excuse his default of Claim (B). He does not argue any other cause for his defaults. Although McClanahan has maintained since before trial that he did not participate in the hunting expedition on November 1, 2001, he fails to demonstrate "actual innocence" under the Schlup standard and so fails to circumvent his procedural defaults through this gateway.

IV.

McClanahan's habeas claims are procedurally barred from federal review, and he fails to offer any ground by which he may circumvent these defaults. Accordingly, the court must grant the motion to dismiss.[2] An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the

---

[2]In any event, the court finds no merit to petitioner's claims. His trial centered on a credibility contest, and jurors believed the prosecution witnesses, despite the fact that they were drunk at the time of the offense conduct and despite the fact that they all faced criminal charges of their own. Their testimony was sufficient to support McClanahan's convictions. See Jackson v. Virginia, 443 U.S. 307, 321 (1979) (to state federal habeas claim for insufficient evidence, petitioner must show that viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt). Moreover, the court finds no reasonable probability that but for counsel's alleged errors or the prosecutor's alleged nondisclosure of evidence, the outcome at trial would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (standard for ineffective assistance claim); Strickler, 527 U.S. at 281 (standard for prosecutorial nondisclosure of material evidence). Finally, McClanahan has no Double Jeopardy claim based on the fact that he had a preliminary hearing, followed by a jury trial. See Serfass v. United States, 420 U.S. 377 (1975) (finding that criminal defendant is not in jeopardy until jury is seated and sworn).

Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 28th day of October, 2005.

*/s/ James C. Turk*
Senior United States District Judge